# Hostetter *v.* Giffen et al.

*Principal and agent—Mortgage—Assignment of leases to pay mortgage interest out of rentals—Construction by parties—Set-off —Mortgagee in possession.*

1. Where the owners of real estate subject to a first and second mortgage, assign the rentals to the holder of the second mortgage, and constitute him their attorney to manage the real estate, collect the rentals, and therefrom pay expenses, taxes and interest on the

first mortgage, the agent cannot apply the rentals to payment of the interest on his own mortgage in preference to that on the first mortgage. That is the plain meaning of the contract and the construction the parties put upon it.

2. In such case, as the assignee of the rentals receives the fund, as agent and for a special purpose, he cannot assume the position of a mortgagee in possession, and set-off, against any part of the fund, the principal's indebtedness to himself; the claims are not in the same right.

Argued October 11, 1920. Appeal, No. 36, Oct. T., 1920, by William A. Sloan, garnishee, from judgment of C. P. Allegheny Co., Jan. T., 1919, No. 1187, on verdict for plaintiff, in case of D. Herbert Hostetter, guardian for Theodore R. Hostetter, Jr., now for use of D. Herbert Hostetter, trustee for Theodore R. Hostetter, Jr., v. William W. Giffen and Samuel W. Gault, defendants, and William L. Sloan, garnishee. Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Attachment execution sur judgment entered on bond accompanying mortgage. Before Macfarlane, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,142.63. Wm. L. Sloan, garnishee, appealed.

*Error assigned,* inter alia, was (4) refusal of judgment for garnishee, n. o. v., quoting record.

*Geo. H. Quaill,* with him *A. E. Sloan,* for appellant, cited: Myer's App., 42 Pa. 518; Givens v. McCalmont, 4 Watts 460; Gribbel v. Brown, 202 Pa. 10; Taylor v. Cornelius, 60 Pa. 187; Danzeisen's App., 73 Pa. 65; Allegheny R. R. & Coal Co. v. Casey, 79 Pa. 84; Lance's App., 112 Pa. 456.

*Francis R. Harbison,* with him *Watson & Freeman,* for appellee.—A person receiving money for a defined

use thereby in substance contracts not to apply it to any other use and, a fortiori, not to apply it to his own use by way of set-off: Tagg v. Bowman, 99 Pa. 376; Ardesco Oil Co. v. North Am. Oil & Mining Co., 66 Pa. 375; Smuller v. Canal Co., 37 Pa. 68, 70; Bank of U. S. v. Macalester, 9 Pa. 475, 483; Shearman v. Morrison, 149 Pa. 385, 397; Russell v. First Presbyterian Church, 65 Pa. 8, 16.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

The defendants, William W. Giffen and Samuel W. Gault, were the joint owners of two apartment buildings in Pittsburgh, on which, in 1906, they gave plaintiff a $50,000 first mortgage, with accompanying bond. Thereafter, in 1912, they gave the garnishee, William L. Sloan, a second mortgage and bond for $10,000. They failed to keep up the interest on the mortgages, so that a foreclosure upon the first was imminent. To prevent this and assist Sloan, the defendants, on August 24, 1914, executed a written contract by which they assigned to him all leases from tenants of the buildings; and as part of the agreement gave him an irrevocable power of attorney authorizing him to take full charge of the buildings, make leases, collect rents, employ a janitor, and from the gross income pay current expenses, including repairs, taxes, insurance, interest on the mortgage, etc. For his services he was to have a commission of five per cent on the gross income. From the net rentals the indebtedness to him was to be reduced at the rate of $300 and interest every month. The contract recites the back taxes and unpaid interest on the first mortgage, and the desire of Giffen and Gault to protect Sloan by a prompt payment thereof, thus avoiding a sheriff's sale, also their desire to protect him by an assignment of the rents as collateral security. The recitals are followed by a formal assignment of the leases to him and by his appointment as their duly authorized agent or attorney for the purpose of managing the property, collecting the

rents, etc., as above stated. The contract purports to be made by Giffen and Gault of the first part and by Sloan of the second part, although not signed by him.

Pursuant thereto Sloan took charge of the property and retained the same until it was sold by the sheriff on plaintiff's mortgage in 1919. At first he paid all expenses as agreed, but, later, made default in payment of interest on the first mortgage and of other expenses. Whereupon, plaintiff issued an execution attachment on the judgment entered upon the bond accompanying the first mortgage, and Sloan was summoned as garnishee. The net income had not proved sufficient to pay the $300 and interest monthly, and his answers to the interrogatories disclose that he had applied to his own claim $3,142.63 of the gross income, which appellee contends was applicable only to current expenses. The court below sustained such contention and directed a verdict for the plaintiff and against the garnishee for the sum last above stated; from judgment entered thereon the latter brought this appeal.

By his acceptance of and acting under the contract, Sloan became bound by it. Considering all its provisions, he was agent for the owners of the buildings and received the rents as such. His agency also included the distribution of the funds, no part of which vested in him, or could be appropriated by him individually, until all current expenses were paid. That is the plain meaning of the contract and the construction the parties put upon it. Sloan was liable to such owners for the funds in his hands, with which he should have paid the expenses, and their judgment creditor can reach such liability by an execution attachment. This case is essentially like Tagg v. Bowman, 99 Pa. 376, where Chief Justice MERCUR, speaking for the court says, "By accepting the letter of attorney the defendant assumed the obligation, and assented to the terms, therein imposed on him. It thereby became his duty to collect the rents and pay over the same to the several persons, in the amount therein specified.

His right to retain any portion thereof, or to apply it to the debt due him was expressly limited to the interest thereon. His power to collect was coupled with the specific trust prescribed in the same instrument. Having received the money under authority of the plaintiff for a specific purpose, he cannot apply it to the payment of a previous indebtedness. It cannot thus be diverted from its legitimate purpose." That principle was reiterated when it came before the court again in 108 Pa. 273.

What appellant urges as the power of a mortgagee in possession to apply the income on his encumbrance may be sound in cases where there is no agreement to the contrary; but here the rights of the parties grow out of their contract. The fund in question was received by the garnishee, appellant, as agent and for a special purpose, hence he cannot set off against it the principal's general indebtedness to him; the claims are not in the same right: O'Neil v. Burnett, 263 Pa. 216; Marshall v. Brainerd, 253 Pa. 35, 40; First Nat. Bank v. Tustin, 246 Pa. 151; Shearman et al. v. Morrison, 149 Pa. 386, 397; Reed v. Penrose's Executrix, 36 Pa. 214; Bank of the United States v. Macalester, 9 Pa. 475; 34 Cyc. 719.

As the contract obligates Sloan to expend, for certain defined purposes, all of the fund in excess of the net rent, he cannot set off his individual claim against any part of such excess fund. In other words, he is deprived of the right of set-off by his own contract: Henniss v. Page, 3 Wharton 275; Ardesco Oil Co. v. N. A. Oil & Mining Co., 66 Pa. 375; Smuller v. Union Canal Co., 37 Pa. 68.

The assignments of error are overruled and the judgment is affirmed.