## Workingman's B. & L. Assn. v. Johnson et ux.

*Frank B. Quinn,* for plaintiff-garnishee.
*Charles P. Hewes,* for defendants.

HIRT, P. J., June 29, 1936.—The following facts are admitted on the rule to quash an attachment execution: Defendant, Henry C. Johnson, deposited $315 with plaintiff for the specific purpose of making good any loss on a mortgage held by it in the event of a refinancing of the mort-

gage through the Home Owners' Loan Corporation. It was to be used in paying to plaintiff the difference between the face value and the market value of Home Owners' Loan bonds when received. The following are the terms upon which plaintiff received the money:

"Received of H. C. Johnson the sum of $315, the same to be retained by us in case the said H. C. Johnson succeeds in obtaining a loan from the Home Owners' Loan Corporation on his property located at Chestnut Hill, Millcreek Township, Erie County, Pa., in an amount sufficient to cover the existing liens thereon, and the said sum to be returned to said H. C. Johnson in the event that said loan shall not be procured. Said sum of $315 being hereby deposited with us in escrow to cover the difference between the face value of the mortgage of Workingman's Building & Loan Association and the present market value of the bonds issued by said Home Owners Loan Corporation.

(Signed)    "Workingman's Building & Loan
                    Association. Jacob Mainzer,
                                    Secy."

The refinancing of the mortgage was not accomplished. Plaintiff did not return the money but, on the contrary, in this action issued an attachment execution against the fund of $315 to apply on a deficiency judgment entered after foreclosure on another mortgage given by H. C. Johnson to plaintiff.

The deposit of $315 with plaintiff under the agreement at its inception set up an active trust; plaintiff had duties to perform in connection with the agreement: Dodson v. Ball, 60 Pa. 492; 65 C. J. 520, §268. But on the failure of the Home Owners' Loan Corporation to accept a mortgage on the premises, under the agreement, title to the fund reverted to H. C. Johnson and the trust became passive, for the purpose of its creation had failed: 65 C. J. 523, §269; 26 R. C. L. 1170, §5; Buch's Estate, 278 Pa. 185.

The trust was passive when the attachment issued, and plaintiff would be within its legal rights in attaching the

money in its own hands but for the terms of the agreement under which it received the fund. In its receipt for the money plaintiff specifically agreed as follows: "the said sum to be returned to said H. C. Johnson in the event that said loan shall not be procured." The obligation upon which the present attachment was issued was in existence when the receipt was given. There is no difference between applying the fund directly upon another debt and accomplishing the same result by attachment execution; both violate the agreement. The receipt of money for a defined use amounts to an agreement on the part of the person receiving it that he will not apply it to any other: Smuller v. The Union Canal Co., 37 Pa. 68.

And now, to wit, June 29, 1936, the rule granted April 9, 1936, on defendant's motion to quash the attachment execution is made absolute.