■ STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Respondent, v JOHN GIANNETTI, Defendant, and NAT HERMAN et al., Appellants.—Order, Supreme Court, New York County, entered July 24, 1975, granting plaintiff's motion to dismiss defenses asserted by the several defendants "by way of set-offs and counterclaim," unanimously modified, on the law, to the extent of reinstating the fourth and fifth affirmative defenses asserted by the defendant Herman, and the ninth and tenth affirmative defenses asserted by the defendant Jayson, and otherwise affirmed, with $60 costs and disbursements to appellants. John Giannetti had executed and delivered two negotiable promissory notes to the Sterling National Bank & Trust Company in the total amount of $261,000. Giannetti defaulted in payment. There is a principal balance due of $159,000. Nat Herman, Jesse Jayson and Howard J. Fremont had executed unconditional guarantees of payment of the debts of Giannetti, which guarantees included a waiver of the right to interpose any defense "based on set-off or counterclaim of any nature or description." After default in payment on the notes, Sterling sued Giannetti as the prime obligor and sued Herman, Jayson and Fremont on their guarantees. Each guarantor appeared, answered and interposed affirmative defenses, offsets and counterclaims. Sterling moved to dismiss these defenses, offsets and counterclaims on the ground that the defendants had contractually waived their right to interpose them. The motion was granted by Special Term. While it is not against public policy to enforce waiver of the right to interpose counterclaims *(Chemical Bank NY Trust Co. v Batter,* 31 AD2d 802), nonetheless, defenses based upon allegations of fraud may not be waived. This is because a written waiver in any form cannot operate to shield a party from his own fraud. For the courts to give effect to such a clause would be violative of both public policy and morality, since an ultimate finding of fraud must of necessity vitiate the contract relied upon *(Bridger v Goldsmith,* 143 NY 424, 428; *Sabo v Delman,* 3 NY2d 155, 161; *Rizzi v Sussman,* 9 AD2d 961; *Arena v Hegyhaty,* 30 AD2d 808). To the extent, therefore, that any of the stricken counterclaims interposed by the guarantors have articulated a defense of fraud, though denominated as "offsets and counterclaims," we have directed that they be reinstated as defenses. Settle order on notice. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.