**LOADER LEASING CORPORATION, Plaintiff,**

v.

**William G. KEARNS, Defendant.**

**Civ. A. No. 78–1437.**

United States District Court, W. D. Pennsylvania.

Aug. 8, 1979.

W. H. Schorling, Pittsburgh, Pa., for plaintiff.

Robert J. Shostak, Pittsburgh, Pa., for defendant.

## MEMORANDUM

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action for damages resulting from an alleged breach of contract. Presently before the court is the motion of Loader Leasing Corporation to dismiss or strike counterclaims of defendant.

The complaint alleges that on or about April 18, 1977, plaintiff leased a jaw crusher to defendant, William G. Kearns. Defendant allegedly defaulted on the payments under the agreement. The lease contains the following provision: "Lessee waivers, insofar as permitted by law, trial by jury and right of counterclaim in any action

between the parties." Defendant in apparent contradiction of the clause, responded to the complaint by setting forth two counterclaims.

Kearns first alleges that the jaw crusher malfunctioned and, as a result, defendant has incurred repair costs for which Loader Leasing is liable. Defendant also contends that the parties executed a separate and independent contract in May of 1977 whereby Kearns agreed to perform construction work for plaintiff. Kearns avers that the work was completed and Loader Leasing is obligated to defendant under this contract as well. Plaintiff moves to strike or dismiss the counterclaims based upon the waiver provision of the lease.

### II. *Discussion*

A contractual provision which provides that a party waives the right to assert a setoff or counterclaim is rare; however, such a right may be waived. *Hostetter v. Giffen*, 268 Pa. 530, 112 A. 150 (1920); Annot., 98 A.L.R. 602, 602–3 (1935). It is clear, however, that a covenant which unreasonably restricts the privilege of litigating an issue in a court of law or which unreasonably restricts the jurisdiction of a federal court is illegal. *Hasek v. Certain Lloyd's Underwriters*, 228 F.Supp. 754 (W.D.Mo.1963); *Aetna Insurance Co. v. The Satrustegui*, 171 F.Supp. 33 (D.P.R.1959).

In the instant case, that portion of defendant's counterclaim relating to the costs of repair for the jaw crusher is a compulsory counterclaim predicated upon alleged breach of warranty stemming from a malfunction of the crusher. The defense to the original claim will raise many of the same factual and legal issues as the counterclaim. The identical provisions of the lease agreement will be examined. The original complaint and the counterclaim are clearly "offshoots of the same basic controversy," and under the standards articulated in *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1969), a portion of defendant's counterclaim is clearly compulsory within the meaning of Federal Rule 13(a).

The failure to assert a compulsory counterclaim is a bar to a subsequent action

in either a federal or state court. *London v. City of Philadelphia*, 412 Pa. 496, 500, 194 A.2d 901, 902 (1963); 6 Wright & Miller, *Federal Practice and Procedure:* Civil § 1417 (1971). Hence, to enforce a waiver provision as to compulsory counterclaims in federal court, is to hold that a litigant is forever barred from asserting the claim. This was clearly not the intent of the parties.

■ In the only federal case directly on point, the court was confronted with a contractual provision similar to the one at bar. *Atlantic Coast Line Railroad Co. v. United States Fidelity and Guaranty Co.*, 52 F.Supp. 177 (D.C.Ga.1943). The district court, after finding the counterclaim to be compulsory, held that the waiver provision "could not be enforced in the United States Court, because Rule 13 prohibits the very thing which the parties contracted to do." *Id.* at 189. The reasoning of the court is persuasive. To enforce a waiver as to compulsory counterclaims would misconstrue the intent of the parties, unreasonably restrict the privilege of litigating a claim and limit the jurisdiction of the district courts. We hold that such a covenant is inapplicable and unenforceable with respect to compulsory counterclaims in a federal forum.

■ However, as to that portion of defendant's counterclaim relating to money due under the construction contract, a different result must obtain. That portion of the counterclaim is clearly not compulsory. *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1969). It is based upon a separate and independent contract, and there is no substantial identity between the legal and factual issues involved in the original claim. Moreover, Kearns may assert the claim in a separate lawsuit and this is consistent with the covenant contained in the lease. In our judgment, this construction is not an unreasonable restriction on the jurisdiction of this court, or the right to litigate.

The case of *Atlantic Coast Line Railroad Co. v. United States Fidelity and Guaranty Co.*, 52 F.Supp. 177 (D.C.Ga.1943) is again instructive. In discussing another claim of setoff in conjunction with the waiver provision, the district court stated:

> The surety contends that, since the principal has been made a party, the suit has become one against principal and surety and that set-off may, therefore, be pleaded under Ga.Code 20–1303. It is true that the suit is now against both principal and surety and that set-off could be pleaded except for the contract. However, that code section, *while permitting set-off, does not require it and, the right being one which may be waived, the surety cannot plead it because it agreed not to.*

*Id.* at 188 (emphasis added). Stated another way, the setoff being permissive and not compulsory, it can be waived. In the instant case, that portion of defendant's counterclaim based upon the construction contract is permissive and, by its very terms, can be waived. It follows that the waiver provision in the lease agreement signed by Kearns effectively bars the second counterclaim based upon the construction contract and will be dismissed without prejudice.

An appropriate order will follow.