■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v FRANK L. MARINO CORP. et al., Defendants, and JOSEPH MARINO et al., Respondents.— In an action on a promissory note and guarantees of payment thereof, and to recover overdrafts on a checking account, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered July 16, 1979, as, upon denial of its motion for summary judgment as to the individual defendants, severed the action against them. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. The individual defendants (respondents) are guarantors of the obligations of Frank L. Marino Corp. The plaintiff, the receiver of the assets of Franklin National Bank, brought this action to recover on a note executed by Frank L. Marino Corp. and guaranteed by the individual defendants. Collateral security had been posted by the individual defendants. During 1973 the obligor suffered financial setbacks and was unable to pay its obligations. Frank and Joseph Marino requested the bank to liquidate the collateral in light of this development. Rather than complying with that request, the bank renewed the note. On October 8, 1974, the bank was declared insolvent and the plaintiff took over its assets. The plaintiff was requested to sell the collateral but did not, and the collateral subsequently declined in value. In denying plaintiff's motion for summary judgment as against the individual defendants, Special Term held that they had stated a triable issue of fact. The respondents argued that the failure of the bank to liquidate the collateral on their request was negligence and a breach of the bank's duty to preserve and protect the collateral (see Uniform Commercial Code, § 9-207, subd [1]). On this appeal the plaintiff contends that the respondents, by the express terms of the guarantees, waived any right to assert a counterclaim or to require the bank to liquidate the collateral. A waiver of the right to assert a setoff or counterclaim is not against public policy and has been enforced by this court (see Bank of New York v Cariello, 69 AD2d 805). However, such a

waiver will not be enforced so as to bar a viable setoff or counterclaim sounding in fraud (see *Sterling Nat. Bank & Trust Co. of N. Y. v Giannetti,* 53 AD2d 533). So, too, where a viable setoff or counterclaim is asserted based upon the creditor's negligence in failing to liquidate collateral upon the guarantor's demand, such a waiver provision will not be enforced. To enforce such a waiver provision in the face of a triable issue of fact as to the creditor's negligence would allow a creditor to shield itself from its own tortious conduct (cf. *Sterling Nat. Bank & Trust Co. of N. Y. v Giannetti, supra).* A waiver in a guarantee limiting a creditor's responsibility as to collateral is enforceable as well (see *Indianapolis Morris Plan Corp. v Karlen,* 28 NY2d 30). Where, however, a demand is made of the creditor to liquidate the collateral and subsequent to the refusal to liquidate the collateral substantially declines in value, the failure to liquidate, if negligent, is a breach of the secured party's duty to use reasonable care in the custody and preservation of collateral (see Uniform Commercial Code, § 9-207, subd [1]). A secured party's duty to act with due diligence, reasonableness and care may not be disclaimed by agreement (Uniform Commercial Code, § 1-102, subd [3]). While the parties may agree to determine the standards by which the performance of such obligations is to be measured (see Uniform Commercial Code, § 1-102, subd [3]), the waiver clause in the guarantees at bar relieves the bank from virtually all responsibility with respect to the collateral and, as such, cannot be enforced (see *Executive Bank of Fort Lauderdale v Tighe,* 66 AD2d 70). As the respondents have alleged a genuine issue of fact, the negligence of the bank and plaintiff in failing to liquidate the collateral after demand, summary judgment was properly denied. We have considered the other contentions of the plaintiff and find them to be without merit. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.