■ BANK OF SUFFOLK COUNTY, Appellant, v ALL SHORES WHOLESALE FOODS, INC., Respondents, et al., Defendants. — In an action, *inter alia,* to recover amounts due on certain promissory notes, plaintiff appeals, as limited by its

brief, from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated July 16, 1981, and amended by a further order of the same court dated February 3, 1982, as denied its motion for summary judgment on its first eight causes of action, denied summary judgment dismissing the counterclaim asserted by the defendants-respondents and failed to amend the caption to substitute "Full Circle Foods Corp." for "Full Circle Wholesale Foods, Inc." as a party defendant and "Extebank" for "Bank of Suffolk County" as the party plaintiff. Order modified, by adding a provision amending the caption to substitute "Full Circle Foods Corp." for "Full Circle Wholesale Foods, Inc." as a party defendant and "Extebank" for "Bank of Suffolk County" as the party plaintiff. As so modified, order, as amended, affirmed insofar as appealed from, with $50 costs and disbursements to respondents. The record indicates that the true name of "Full Circle Wholesale Foods, Inc." is "Full Circle Foods Corp." and that plaintiff's corporate name was changed to "Extebank". Therefore, the caption should be amended accordingly. There are issues of fact, e.g., whether plaintiff should be charged with estoppel (see *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175), and/or tortious conduct (see *Federal Deposit Ins. Corp. v Marino Corp.*, 74 AD2d 620; *Sterling Nat. Bank & Trust Co. of N. Y. v Giannetti*, 53 AD2d 533). Thus, summary judgment was properly denied. Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.