■ TARAN FURS, INC., Respondent, v CHAMPAGNE BRIDALS, INC., et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Plaintiff sold fur coats valued at $53,325 to the defendants. Plaintiff alleges defendants represented at the time of sale that the coats were being purchased by Coles of Newark, Inc. (Coles), when in fact the merchandise was being supplied to defendant Champagne Bridals, Inc. (Champagne). Although defendants Mr. and Mrs. Nusbaum own and control both Coles and Champagne, they acknowledge that Coles is a corporation separate and distinct from Champagne. Coles filed for bankruptcy shortly after the sale of the fur coats. Plaintiff sued Champagne and the Nusbaums alleging causes of action for breach of contract, misrepresentation and related claims. Defendants moved to dismiss the complaint on the ground that the United States Bankruptcy Court has exclusive jurisdiction over plaintiff's lawsuit (CPLR 3211 [a] [2], [4], [5]) and that Coles is a necessary party (CPLR 3211 [a] [10]). Special Term properly rejected these arguments and denied defendants' motion to dismiss.

Only actions against the debtor and the property of the debtor's estate are automatically stayed upon the filing of a petition in bankruptcy (11 USC § 362 [a]). Plaintiff's action is not against Coles but against Champagne. Actions against parties other than the debtor in bankruptcy are not stayed (In re Larmar Estates, 5 Bankr 328, 330 [EDNY 1980]).

Special Term also properly rejected defendant's claim that this action could not proceed without joinder of Coles as a necessary party. Plaintiff has made no allegations against Coles. At most, Coles may be a joint tort-feasor or coobligor of the sales contract, but would not be a necessary party in either event (see, Sarubbi v Rinaldo, 98 AD2d 837; Littanzi v State of New York, 54 AD2d 1043, 1044; cf. Lottes v Slater, 114 AD2d 580).

We have considered defendants' remaining claims and find them lacking in merit. (Appeal from order of Supreme Court, Monroe County, Davis, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.