**BANQUE INDOSUEZ, Plaintiff,**

v.

**TRIFINERY and Sanford
P. Brass, Defendants.**

**No. 92 Civ. 1744 (CSH).**

United States District Court,
S.D. New York.

March 24, 1993.

Milgrim Thomajan & Lee, New York City
(Robert J. Lanza, of counsel), for plaintiff.

Wlaker, Walker & Kapiloff, P.C., New York City (James J. Mahon, Daniel S. Wohlfarth, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the Court on plaintiff's motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

This case arises out of a promissory note executed by defendant Trifinery and guaranteed by defendant Brass. Defendants do not dispute that they are liable under the note[1], but contend that summary judgment is inappropriate in that they have a viable claim for set-off, which they have brought as a counterclaim in this action.

Since there is no dispute as to liability under the promissory note, the only issue presented is whether defendants' assertion of a counterclaim is valid, and would therefore bar the entry of summary judgment on the note.

## DISCUSSION

Defendants claim that the entry of summary judgment is inappropriate where the value of the counterclaim is uncertain. Plaintiff argues, however, that neither Trifinery as maker of the note, nor Brass as it guarantor has the right to assert a counterclaim in this action, since a clause in the promissory note provides:

> [Trifinery] further waives trial by jury and the right to interpose any counterclaim or set-offs of any kind in any litigation relating to this note or any such other liabilities.

Plaintiff contends that by this provision, defendants waived any right to assert a counterclaim; accordingly, nothing stands in the way of the entry of summary judgment.

---

1. Defendants assert that they have paid plaintiff $963,183.36, which represents the amount of the note ($1,404,420.00) less the amount of their set-off ($461,236.64). *See* Defendant's Memorandum of Law in Opposition, at 3.

Defendants argue that this provision is not enforceable in a federal court, since the counterclaim is compulsory, and Fed.R.Civ.P. 13(a) requires a party to assert all compulsory counterclaims in this action, or waive them. In support of their argument that the clause is unenforceable, defendants cite *Loader Leasing Corp. v. Kearns*, 83 F.R.D. 202 (W.D.Pa.1979). *Loader Leasing* also involved a contract provision which purportedly waived defendant's right to set-off any claims he might have against plaintiff. The court held that although the waiver provision would be enforceable in state court, it could not "unreasonably restrict[ ] the privilege of litigating an issue in a court of law ... or unreasonably restrict[ ] the jurisdiction of a federal court," *id.*, at 203. Those problems arose in *Loader* because, in part, defendant's counterclaim was compulsory under Rule 13(a); and "[t]he failure to assert a compulsory counterclaim is a bar to a subsequent action in either a federal or state court." *Id.*, at 203–04. The district court in *Loader* enforced the waiver provision as to the defendant's second counterclaim which was permissive, but refused to do so as to the first, compulsory counterclaim. *See also Atlantic C. Line R. Co. v. United States F. & Guaranty Co.*, 52 F.Supp. 177 (M.D.Ga.1943).

In their briefs, the parties assume the applicability of New York law. New York law enforces waivers of the right to assert affirmative defenses, set-offs or counterclaims. *See Bank of New York v. Cariello*, 69 A.D.2d 805, 415 N.Y.S.2d 65 (2d Dept. 1979); *FDIC v. Frank L. Marino Corp.*, 74 A.D.2d 620, 425 N.Y.S.2d 34 (2d Dept.1980). Courts in this circuit, applying New York law, generally hold that contractual agreements not to assert defenses, set-offs or counterclaims in subsequent litigation do not contravene public policy and are enforceable. *See Bankers Trust Co. v. Litton Systems*, 599 F.2d 488, 490 (2d Cir.1979); *In re Gas Reclamation, Inc. Securities Litigation*, 741 F.Supp. 1094, 1102 (S.D.N.Y.1990); *FDIC v. Borne*, 599 F.Supp. 891, 894–95 (E.D.N.Y. 1984). The waiver will not be enforced so as to bar a viable set-off or counterclaim sounding in fraud, *Marino, supra*, but defendants at bar do not allege fraudulent conduct on the part of plaintiff.

Under New York law, all counterclaims are permissive. *See* N.Y.CPLR § 3019, (McKinney's 1991), and practice commentary at 205. This contrasts with federal practice, where a counterclaim may be compulsory under Rule 13(a) or permissive under Rule 13(b), depending on the circumstances.

█ The question of fairness posed by *Loader Leasing Corp. v. Kearns, supra*, arises because plaintiff chose to file its action in federal court. It is not fair to enforce the contractual waiver of defendants' counterclaim if that counterclaim is compulsory under Rule 13(a). Were it otherwise, a party to a contract containing such a waiver provision could, by choice of a federal over state forum, prevent its adversary's counterclaim from every being reached on the merits.

█ Accordingly, defendants' right to assert a counterclaim in this action turns on whether defendants' claim is permissive or compulsory under Rule 13. If the counterclaim is compulsory, the waiver clause is not enforceable since it would preclude defendants from ever raising the issue in this or any other court. If the counterclaim is permissive, however, the waiver clause is enforceable, and defendants would have to bring their claims in a separate action.

The test for determining whether a counterclaim is permissive or compulsory is set forth in *McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 248 (1st Cir.1982):

(1) Are the issues of fact and law raised by the claim and the counterclaim largely the same; (2) would res judicata bar a subsequent suit on defendants' claims absent a compulsory counterclaim; (3) will substantially the same evidence support or refute plaintiff's claim as well as defendants' counterclaims; and (4) is there any logical relationship between the claim and the counterclaim?

Plaintiff's claim is for payment on a promissory note. Defendants' counterclaims allege, in substance, that plaintiff negligently delayed the processing and delivery of letters of credit.

It is clear that the issues raised are not sufficiently interrelated to render defendants'

counterclaim compulsory. The issues of fact and law are not substantially the same: breach of an implied duty of care in letter of transactions and liability under a promissory note present a host of different issues. In fact, plaintiff's claim, which involves two letters of credit, and defendants' claim, which involves three letters of credit, overlap as to only one letter of credit. *See* Plaintiff's Memorandum of Law, at 8.

Moreover, because the issues are not sufficiently similar, there would be no res judicata bar if plaintiff's claim were decided before defendants' counterclaim. Although both claims do arise out of the same business relationship, this alone is insufficient to make the counterclaim compulsory.

Since defendants' counterclaim is permissive under Rule 13(b), the clause waiving defendants' right to assert a counterclaim or set-off is enforceable. Accordingly, defendants may not assert a counterclaim in this action, and that claim will be dismissed without prejudice.[2]

As defendants do not dispute their liability on the promissory note, plaintiff is entitled to summary judgment on its claims.

Counsel for plaintiff are directed to settle a judgment consistent with this opinion on five (5) days' notice within fourteen (14) days of the date of this opinion.

It is SO ORDERED.

---

**2.** While plaintiff in its motion papers does not ask explicitly for dismissal of the counterclaim, that is the proper resolution, given the procedural posture. *See Loader Leasing Corp.,* 83 F.R.D. at 204.