■ CHEMICAL BANK, Appellant, v W. C. ALLEN, III, Respondent. [640 NYS2d 77] —Order, Supreme Court, New York County

(Edward H. Lehner, J.), entered June 21, 1993, which, insofar as appealed from, denied plaintiff's renewed motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted.

The negotiable promissory notes which are the subject of this action were entered into by individual investors as part of their purchase of shares in the 600 Grant Street Associates Limited Partnership and contained the following language: "In the event that this Note is transferred, assigned or pledged, Maker hereby waives, as against such transferee, assignee and pledgee, any defenses, setoffs and counter-claims of every kind and description that Maker may have against the Partnership."

The broad language of this waiver clearly applies to this action, in which defendants seek to defend against plaintiff transferee's claim on the notes based on their contention that they were fraudulently induced to purchase their shares in the partnership and, alternatively, seek to set off certain amounts against the amounts due under the notes based on their contention that the sponsor of the original transaction, Integrated Resources, Inc., defaulted on a promised capital reduction refund. As a result, these defenses may not be asserted in this action (*see, Bank of Suffolk County v Kite,* 49 NY2d 827; *see also, In re Integrated Resources,* 1995 Fed Sec L Rep ¶ 98,702, 1995 WL 234975 [SD NY, Apr. 21, 1995, Sweet, J.]). Inasmuch as the defendants waived their rights to assert these defenses, it is unnecessary to reach the issue of whether plaintiff is also protected from these defenses because it is a holder in due course or entitled to the rights of a holder in due course pursuant to UCC 3-201. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.