# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**142**
**CA 13-01350**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

MERLE A. HARVEY AND DIANE F. HARVEY,
PLAINTIFFS-APPELLANTS,

V                                         MEMORANDUM AND ORDER

RANDY AGLE AND AMY AGLE, DEFENDANTS-RESPONDENTS.

---

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (ADAM P. HANEY OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (MICHAEL F. GERACI OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered January 3, 2013.  The order denied plaintiffs'
motion for summary judgment in lieu of complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting plaintiffs' motion insofar
as it sought summary judgment on the promissory note in the amount of
$75,000 and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs, as limited by their brief, contend on
appeal that Supreme Court erred in denying in its entirety their
motion for summary judgment in lieu of complaint pursuant to CPLR 3213
with respect to two promissory notes, and instead should have granted
the motion insofar as it sought summary judgment on one of the
promissory notes, in the amount of $75,000.  We agree, and we
therefore modify the order accordingly.  Plaintiffs met their initial
burden by submitting the subject note, which contained a clause that
accelerated the balance in the event that defendants defaulted, and by
submitting evidence that defendants failed to make a required,
biannual interest payment by the June 21, 2012 deadline (*see Sandu v
Sandu*, 94 AD3d 1545, 1546; *Kehoe v Abate*, 62 AD3d 1178, 1180).  In
opposition thereto, defendants failed to "come forward with
evidentiary proof showing the existence of a triable issue of fact
with respect to a bona fide defense of the note" (*Judarl v Cycletech,
Inc.*, 246 AD2d 736, 737; *see Ring v Jones*, 13 AD3d 1078, 1078).
Although "knowledgeable acceptance of late payments over an extended
period of time . . . establishes the necessary elements to constitute
a waiver of the right to insist upon timely payments" (*Snide v Larrow*,
93 AD2d 959, 959, *affd* 62 NY2d 633; *see Madison Ave. Leasehold, LLC v
Madison Bentley Assoc. LLC*, 30 AD3d 1, 6, *affd* 8 NY3d 59, *rearg denied*
8 NY3d 867), defendants established, at most, that they had made only

two prior untimely payments on the subject note.  Evidence that plaintiffs had routinely accepted untimely monthly payments on a second promissory note representing a separate obligation between the parties does not compel a different result.

                                        Frances E. Cafarell