██   BETTE DAVIS WEHLE, Respondent, v ALFREDA MOROCZKO, Defendant, and ACEA M. MOSEY, ESQ., as Administrator of the Estate of NICHOLAS MOROCZKO, Deceased, Appellant. [57 NYS3d 322]—

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 6, 2016. The order, inter alia, granted the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover on a promissory note, naming as defendants Nicholas Moroczko (Nicholas) and Alfreda Moroczko (Alfreda). Alfreda died, however, before plaintiff filed the summons and complaint. Plaintiff moved for summary judgment on her complaint, and Nicholas opposed plaintiff's motion and cross-moved to dismiss the complaint for plaintiff's failure to join a necessary party, i.e., Alfreda's estate. Supreme Court granted the motion, denied the cross motion, and awarded plaintiff judgment against Nicholas in the amount of $149,652, the outstanding balance on the note. Thereafter, Nicholas died, and the administrator of his estate was substituted as a defendant.

We conclude that the court properly granted the motion. Plaintiff met her prima facie burden by submitting a copy of the note and evidence of nonpayment (see Di Marco v Bombard Car Co., Inc., 11 AD3d 960, 960-961 [2004]; see also Harvey v Agle, 115 AD3d 1200, 1200 [2014]). The evidence of nonpayment consisted of plaintiff's affidavit and Nicholas's deposition testimony. Plaintiff averred that she lent Nicholas the amount reflected in the note, that he signed the note in her presence, and that he refused to repay the note on demand. Nicholas testified that he signed the note, owed plaintiff the amount reflected in the note, and had not repaid her.

In opposition, Nicholas "failed to 'come forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense of the note' " (Harvey, 115 AD3d at 1200). We reject Nicholas's contention that the note is unclear with respect to who owes the debt and when it must be repaid. Where, as here, two or more persons execute a promissory note, each is bound to repay the entire amount unless otherwise stated (see United States Print. & Lithograph Co. v Powers, 233 NY 143, 152 [1922]; Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp., 22 AD3d 308, 310-311 [2005], lv denied

7 NY3d 703 [2006]). Furthermore, inasmuch as "no time for payment is stated" in the note, it is "payable on demand" (UCC 3-108; *see Shah v Exxis, Inc.*, 138 AD3d 970, 972 [2016]).

We further conclude that the court properly denied the cross motion. Although Alfreda executed the note, her estate is not a necessary party to this action pursuant to CPLR 1001 inasmuch as the note allows plaintiff to recover the entire debt from Nicholas (*see NC Venture I, L.P. v Complete Analysis, Inc.*, 22 AD3d 540, 543 [2005]; *see also Taran Furs v Champagne Bridals*, 116 AD2d 970, 970 [1986]). Present—Carni, J.P., Lindley, Troutman and Scudder, JJ.