■ EVGENY FREIDMAN et al., Appellants, v CAPITAL ONE TAXI MEDALLION FINANCE, Respondent. [61 NYS3d 490]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 9, 2016, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, with costs.

The releases in the agreements signed by plaintiffs in August, October, and November 2014 bar this action, despite plaintiffs' claim that the releases were fraudulently induced (*see e.g. Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]). Plaintiffs' allegation

that defendant failed to provide them with payoff amounts is refuted by the documentary evidence. "While the allegations in a pleading must be taken as true and viewed in a light most favorable to the pleader, the loan agreement, note and other instruments . . . establish the rights of the parties and prevail over conclusory allegations of the complaint" (*Bank Leumi Trust Co. of N.Y. v D'Evori Intl.*, 163 AD2d 26, 29 [1st Dept 1990] [internal quotation marks omitted]).

*Sterling Natl. Bank & Trust Co. of N.Y. v Giannetti* (53 AD2d 533 [1st Dept 1976]), on which plaintiffs rely, did not involve a release. Furthermore, it was decided long before *Centro Empresarial*.

Contrary to plaintiffs' contention, the releases covered unaccrued claims. The release in the forbearance agreement included "any and all . . . claims, demands, liabilities, . . . damages, actions, [and] causes of action . . . of every nature whatsoever (whether liquidated or unliquidated, known or unknown, . . . foreseen or unforeseen, matured or unmatured)." Such language is sufficient (*see Centro Empresarial*, 17 NY3d at 276-277). Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.