Rugg v O'Donnell (2018 NY Slip Op 02108)





Rugg v O'Donnell


2018 NY Slip Op 02108


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1422 CA 17-01181

[*1]MARY K. RUGG, MICHAEL VAN SANFORD, AND RICHARD D. ELLIS, PLAINTIFFS-APPELLANTS,
v
GERALD J. O'DONNELL AND FRANCES C. O'DONNELL, DEFENDANTS-RESPONDENTS. 






BARCLAY DAMON, LLP, SYRACUSE (J. ERIC CHARLTON OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (ERIN K. SKUCE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered September 7, 2016. The order denied the motion of plaintiffs for summary judgment on the complaint and for summary judgment dismissing the counterclaims and granted the cross motion of defendants for leave to serve a second amended answer. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted, the counterclaims are dismissed, and judgment is granted in favor of plaintiffs in the amount of $41,000, together with interest at the contract rate of 6% commencing February 14, 2014, plus costs and disbursements with respect to this action and costs of collection, including reasonable attorneys' fees and expenses, and the matter is remitted to Supreme Court, Cayuga County, to determine the amount of costs of collection in accordance with the following memorandum: In 1988, Frank H. Van Sanford, Jr. (Van Sanford), sold defendants a parcel of land (premises) for $200,000. At that time, defendants signed and delivered to Van Sanford a note in the amount of $50,000, to be repaid at 9% interest, which was secured by a mortgage on the premises (first note). In addition, defendants signed and delivered to Van Sanford another note in the amount of $111,000, to be repaid at 9% interest, which was secured by a security agreement on personal property (second note). In 2004, Van Sanford died and plaintiff Mary K. Rugg, the executor of his estate, discovered that defendants were in default on both notes. In 2005, the first and second notes were consolidated into a new note signed by defendants and delivered to Rugg, Susan Ellis, and plaintiff Michael Van Sanford, as individuals, in the amount of $100,000, to be repaid at 6% interest (consolidated note). Defendants were to make monthly payments on the consolidated note until June 1, 2010, when the entire amount would become due. In addition, the amount remaining due on the second note was secured by a mortgage on the premises, and the parties to the consolidated note entered into a mortgage consolidation, extension, and modification agreement (CEMA). In the CEMA, defendants agreed that there were no offsets or defenses to the notes, the mortgages, or the indebtedness, and they expressly waived any claim or defense that could be asserted as an offset to the indebtedness. In 2009, Susan Ellis assigned her interests to plaintiff Richard D. Ellis. The consolidated note matured on June 1, 2010, but plaintiffs permitted defendants to continue to make monthly payments after that date. On February 14, 2014, however, defendants stopped making payments.
Thereafter, plaintiffs commenced this action to recover the $41,000 that remained due on the consolidated note. In their amended answer, defendants asserted affirmative defenses and counterclaims for breach of contract and fraud based on allegations that, in the 1988 contract of sale, Van Sanford falsely represented that there were no underground tanks on the premises, nor was there environmental contamination. Plaintiffs appeal from an order that denied their motion for summary judgment on the complaint and for summary judgment dismissing the [*2]counterclaims, and granted defendants' cross motion for leave to serve a second amended answer containing a counterclaim based on allegations that Van Sanford violated state and federal environmental laws prior to the 1988 sale. We reverse.
We conclude that Supreme Court erred in denying the motion. Plaintiffs met their initial burden on the motion by submitting a copy of the note and evidence of nonpayment (see Wehle v Moroczko, 151 AD3d 1846, 1846 [4th Dept 2017]; Brandywine Pavers, LLC v Bombard, 108 AD3d 1209, 1209 [4th Dept 2013]). The burden then shifted to defendants to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense to plaintiffs' recovery on the consolidated note (see Wehle, 151 AD3d at 1846; Sun Convenient, Inc. v Sarasamir Corp., 123 AD3d 906, 907 [2d Dept 2014]). Although defendants submitted evidence in support of their affirmative defenses and counterclaims based on breach of contract and fraud, the broad language of the waiver contained in the CEMA unambiguously encompasses those defenses and counterclaims (see Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC, 73 AD3d 883, 884 [2d Dept 2010]; Malsin v Stockman, 265 AD2d 533, 533 [2d Dept 1999]; Chemical Bank v Allen, 226 AD2d 137, 138 [1st Dept 1996]). Contrary to defendants' contention, the waiver is not invalid with respect to their allegations of fraud. Although "a written waiver in any form cannot operate to shield a party from his [or her] own fraud" (Sterling Natl. Bank & Trust Co. of N.Y. v Giannetti, 53 AD2d 533, 533 [1st Dept 1976]; see Mishal v Fiduciary Holdings, LLC, 109 AD3d 885, 885-886 [2d Dept 2013]), here, the fraud was allegedly committed by a third party. Thus, the waiver does not operate to shield plaintiffs from their own fraud (cf. Sterling Natl. Bank & Trust Co. of N.Y., 53 AD2d at 533).
We further conclude that the court erred in granting the cross motion. Leave to amend a pleading should be denied where, as here, the proposed amendment is "patently devoid of merit" (Pieroni v Phillips Lytle LLP, 140 AD3d 1707, 1709 [4th Dept 2016], lv denied 28 NY3d 901 [2016] [internal quotation marks omitted]). Even if defendants had not expressly waived any counterclaim that could be asserted as an offset to the indebtedness, defendants cannot assert a counterclaim against plaintiffs in their individual capacities to recover damages based on Van Sanford's alleged violations of environmental statutes (see generally Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259-260 [1970]).
We therefore reverse the order, deny the cross motion, grant the motion, dismiss the counterclaims, and grant judgment in favor of plaintiffs in the amount of $41,000, together with interest at the contract rate of 6% commencing February 14, 2014, the date on which defendants stopped making payments on the note, plus costs and disbursements with respect to this action and costs of collection, including reasonable attorneys' fees and expenses. We remit the matter to Supreme Court to make a determination of those costs of collection.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court