■ VAN DORN REALTY CORP., Appellant-Respondent, v SUNDEC INTERNATIONAL CORP., Respondent-Appellant.—Order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about September 17, 1991, which denied plaintiff's motion for summary judgment, denied defendant's cross-motion for summary judgment and granted plaintiff's motion to amend its complaint, is unanimously modified on the law to the extent of granting plaintiff's motion for summary judgment, and otherwise affirmed, with costs and disbursements. The Clerk is directed to enter judgment in favor of plaintiff granting its motion for summary judgment, with costs.

Plaintiff Van Dorn Realty Corp. commenced this action for the non-payment of rent under a commercial lease. In that regard, plaintiff, the owner of premises at 205 East 42nd Street in Manhattan, rented the penthouse space to a partnership, SOLICO, that assigned the lease to defendant Sundec International Corp. on April 6, 1990. Plaintiff released the former tenant from any further obligation, and defendant assumed the payment of all rent. The assignment and the assumption of the lease were signed by Albert J. Wilkins, as an executive vice-president of Sundec. Defendant now claims that its board never approved the lease agreement and that Wilkins was not an officer, director, employee or agent of Sundec. According to defendant, its chairman of the board, as well as a majority of the board members, did not learn of the assignment until on or about June 20, 1990, and, on June 22, 1990, Wilkins was advised by letter that he was not authorized to act on the company's behalf. In response, Wilkins expressed surprise and disturbance at the communication, identifying Yasuhiko Ono, the president and chief executive officer of Sundec, as the person who authorized the signing of the lease. However, after learning that Wilkins, supposedly contrary to instructions, had failed to arrange for the substitution of Wyse Partners as the assignee, defendant advised plaintiff that it would not pay for the space, and the instant action ensued.

The record herein clearly demonstrates the following: The security deposit and the first month's rent under the lease assignment and assumption were both paid from an account of Heisei, Inc., a wholly owned subsidiary of defendant; one check is designated as being for "rent" and the other for "security". The rent for the next two months, May and June of 1990, was paid by a Sundec check, dated June 27, 1990, bearing the notation that it is for "Rent for May & June." Therefore, the purpose of these checks is evident on their face. Defendant also admits in its papers that Wilkins was an officer of Heisei. Yet, despite the fact that a security deposit and three months' rent were paid either by Sundec itself or a wholly owned subsidiary thereof, and Wilkins was an officer of that wholly owned subsidiary, defendant is now attempting to disavow the entire transaction, contending that it did not discover the allegedly unauthorized lease assignment until on or about June 20, 1990 notwithstanding that the deal was consummated on April 5, 1990. Sundec offers no explanation for why the lease was executed in the first place, whether by Wilkins in his capacity as vice-president of Sundec or as an

officer of Heisei. It also provides absolutely no evidence in support of its assertion that the check for the May and June rent was intended as a loan to Wilkins. Rather, defendant purportedly became aware of the unsanctioned lease assignment a full week before it nonetheless proceeded to issue on June 27, 1990 the check for the May and June rent.

In the absence of any indication other than defendant's unsubstantiated claim to that effect, that the Sundec check represented a loan, and Wilkins had no authority to enter into the lease agreement, summary judgment should have been granted to plaintiff. It is settled that where the moving party "has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do" *(Zuckerman v City of New York,* 49 NY2d 557, 560; *see also, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 164). In that regard "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a motion for summary judgment *(Zuckerman v City of New York, supra,* at 562; *see also, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 197). Defendant is endeavoring to avoid summary judgment for plaintiff based upon nothing more than allegations which, lacking any evidentiary support whatever, are highly suspect, if not simply incredible. Accordingly, the Supreme Court should have granted plaintiff's motion for summary judgment. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.