■ FLEET BANK, Formerly Known as NORSTAR BANK, Appellant, v PETRI MECHANICAL CO., INC., et al., Respondents. [664 NYS2d 462] —In an action to recover payments due under a loan note and guarantees, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated January 22, 1997, as denied that branch of its motion which was for summary judgment dismissing the defendants' counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the defendants' counterclaim is dismissed.

The plaintiff extended credit to the defendant Petri Mechanical Co., Inc., and in return obtained personal guarantees from the other defendants. The guarantees contained language stating that they were "a continuing, absolute and unconditional guaranty of payment", and that the guarantors were waiving "the right to interpose any defense * * * [and] any set-off or counterclaim of any nature or description". When Petri Mechanical Co., Inc., defaulted in its payments, the plaintiff commenced the instant action to collect on the note and the guarantees. The defendants' answer interposed a counterclaim alleging that the plaintiff had violated various provisions of the Equal Credit Opportunity Act (15 USCA § 1691 *et seq.*) in mak-

ing the loans and requiring the guarantees. The plaintiff moved, *inter alia*, for summary judgment dismissing the counterclaim on the ground that all of the guarantees contained a provision stating that the guarantors waived any counterclaims. The Supreme Court denied that branch of the motion. We reverse.

As a general rule, a waiver of the right to assert a setoff or counterclaim is not against public policy and will be enforced in the absence of fraud or negligence in the disposition of collateral (*see, Marine Midland Bank v CMR Indus.*, 159 AD2d 94; *Federal Deposit Ins. Corp. v Marino Corp.*, 74 AD2d 620; *Bank of N. Y. v Cariello*, 69 AD2d 805). In the instant case, the defendants have not asserted either fraud or negligence in the disposition of collateral, and enforcement of the waiver provision will not violate public policy (*see, North Fork Bank & Trust Co. v Bernstein & Gershman*, 201 AD2d 472; *Extebank v Marco Group*, 194 AD2d 516; *European Am. Bank v Lofrese*, 182 AD2d 67, 73). Accordingly, since the defendants clearly and unequivocally waived their right to interpose any counterclaims in this action, the counterclaim should have been dismissed as a matter of law. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.