WALTER WOOLFE KING, JR., Respondent, v WELLS FARGO BUSINESS CREDIT, INC., Appellant. [852 NYS2d 349]—

In an action, inter alia, for an accounting and a judgment declaring that the termination fee provision of a certain credit agreement was unenforceable, the defendant appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated August 8, 2006, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment on the third and fourth causes of action, and substituting therefor a provision granting those branches of the motion which were for summary judgment declaring that the termination fee provision of the credit agreement was enforceable; as so modified, the order is affirmed, without costs or disbursements.

The defendant entered into a credit agreement with nonparty Ullman Company, Inc. (hereinafter Ullman), pursuant to which it agreed to advance Ullman up to $7,000,000. The credit agreement provided for, inter alia, the imposition of a termination fee in an amount that varied depending upon the date of termination. At the same time, the defendant entered into a guaranty with the plaintiff by which the plaintiff agreed to unconditionally guarantee the indebtedness of Ullman under the credit agreement up to the "principal amount of $1,250,000 plus accrued interest thereon and all reasonable attorney's fees, collections costs and enforcement expenses referable thereto." The guaranty contained an extremely broad waiver provision by which the plaintiff agreed to waive, inter alia, any and all defenses, claims, setoffs and discharges of Ullman, including a defense of "unenforceability" as to the credit agreement. After Ullman defaulted on the credit agreement, the defendant demanded performance from the plaintiff on the guaranty. The plaintiff objected to, among other things, the amount of the professional fees being demanded ($145,328.03) and the imposition of a termination fee ($140,000). The plaintiff commenced this action, inter alia, for an accounting of the legal fees and a judgment declaring that the termination fee provision of the credit agreement was unenforceable, among other reasons, because it provided for an amount so disproportionate to the potential damages that it constituted an unenforceable penalty. The de-

fendant moved for summary judgment on the ground, among other things, that the plaintiff waived his right to assert these causes of action in his complaint both pursuant to the terms of the guaranty and by his retention of account statements without objection. The Supreme Court denied the defendant's motion. We modify.

In support of its motion, the defendant demonstrated, prima facie, that the plaintiff waived his challenges to the termination clause of the credit agreement pursuant to the express terms of the guaranty (*see Fleet Bank v Petri Mech. Co.*, 244 AD2d 523 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to the enforceability of the waiver (*see Fleet Bank v Petri Mech. Co.*, 244 AD2d 523 [1997]). Thus, the defendant was entitled to summary judgment on the third and fourth causes of action declaring that the termination fee provision of the credit agreement was enforceable.

However, the Supreme Court properly denied the defendant summary judgment dismissing the first and second causes of action challenging the attorney's fees. Pursuant to the terms of the guaranty, the plaintiff agreed to pay only "reasonable" attorney's fees. In support of its motion, the defendant failed to demonstrate, prime facie, that the fees being demanded were reasonable, or that the plaintiff waived his right to challenge the same (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Landa v Dratch*, 45 AD3d 646 [2007]). Thus, those branches of the defendant's motion were properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The defendant's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.