■ NORTH FORK BANK, Respondent, v COMPUTERIZED QUALITY SEPARATION CORP. et al., Respondents, and NORMAN J. TEPFER et al., Appellants, et al., Defendants. [879 NYS2d 575]—

In an action, inter alia, to recover on a promissory note, the defendants Norman J. Tepfer and Jerry Tepfer appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Weber, J.), dated August 23, 2007, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim asserted by them to recover damages for breach of the covenant of good faith and fair dealing and, in effect, upon searching the

record, awarded summary judgment to the defendants Computerized Quality Separation Corp. and Barry Green dismissing the cross claim for contractual indemnification asserted by them against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, upon searching the record, awarded summary judgment to the defendants Computerized Quality Separation Corp. and Barry Green dismissing the cross claim for contractual indemnification asserted against those defendants by the defendants Norman Tepfer and Jerry Tepfer; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim asserted against it by the defendants Norman J. Tepfer and Jerry Tepfer (hereinafter together the Tepfers) to recover damages for breach of the covenant of good faith and fair dealing. The plaintiff established, prima facie, its entitlement to judgment as a matter of law by submitting evidence that the personal guarantees executed by the Tepfers in connection with the subject promissory notes executed by the defendant Computerized Quality Separation Corp. (hereinafter CQS), contained a provision in which the Tepfers clearly and unequivocally waived, among other things, their right to interpose any counterclaims against the plaintiff. Such a waiver is not against public policy and will be enforced in the absence of fraud or negligence in the disposition of collateral (*see Fleet Bank v Petri Mech. Co.*, 244 AD2d 523 [1997]; *European Am. Bank v Mr. Wemmick, Ltd.*, 160 AD2d 905, 906 [1990]; *Federal Deposit Ins. Corp. v Marino Corp.*, 74 AD2d 620 [1980]). In opposition, the Tepfers failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, the Supreme Court erred in searching the record and awarding summary judgment to the defendants CQS and Barry Green dismissing the cross claim for contractual indemnification asserted against those defendants by the Tepfers. Issues of fact exist as to whether a provision of a Stock Purchase Agreement entered into by CQS, Green, and the Tepfers provided that under certain circumstances, CQS and Green would indemnify the Tepfers (*see Mantovani v Whiting-Turner Contr. Co.*, 55 AD3d 799 [2008]).

The Tepfers' remaining contentions are without merit. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.