■ INLAND MORTGAGE CAPITAL CORP., Appellant, v REALTY EQUITIES NM, LLC, et al., Respondents. [900 NYS2d 79]—

In an action to recover the proceeds of a loan and upon a personal guaranty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 14, 2009, as denied that branch of its motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.

In December 2006, in connection with its ownership and planned renovation of a shopping center, the defendant Realty Equities NM, LLC (hereinafter Realty Equities), obtained a loan from the plaintiff, Inland Mortgage Capital Corp. (hereinafter Inland), evidenced by two notes totaling the sum of $10,200,000. The maturity date of the notes was June 30, 2008. The defendant G. Warren Schloat III executed a personal guaranty with respect to the loan. In April 2008 the parties signed a forbearance agreement, in which, inter alia, Realty Equities and Schloat acknowledged their default with respect to the loan, agreed to pay Inland the principal and interest due under the notes as well as other sums by the maturity date, and waived the right to assert any defenses, setoffs, or counterclaims against Inland. When the defendants did not comply with the terms of the forbearance agreement, Inland commenced this action, and eventually moved, among other things, for summary judgment on the issue of liability. The Supreme Court denied that branch of the motion, finding that there were triable issues of fact. We reverse.

Inland established its prima facie entitlement to judgment as a matter of law by submitting proof of the existence of the notes, the guaranty and the forbearance agreement, and the defendants' default (*see JP Morgan Chase Bank, N.A. v Agnello*, 62 AD3d 662, 663 [2009]). In opposition, the defendants failed to raise a triable issue of fact as to the validity of the forbearance agreement (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]; *Stewart M. Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956 [1976]; *Marine Midland Bank v Hallman's Budget Rent-A-Car of Rochester*, 204 AD2d 1007, 1008 [1994]; *cf. Art Stone Theat. Corp. v Technical Programming & Sys. Support of Long Is.*, 157 AD2d 689, 691 [1990]), or their failure to pay the amounts due thereunder. Moreover, inasmuch as the defendants effectively waived their right to assert defenses with respect to the notes, the defenses they now assert are insufficient to raise a triable issue of fact (*see North Fork Bank v Computerized Quality Separation Corp.*, 62 AD3d 973, 974 [2009]; *Fleet Bank v Petri Mech. Co.*, 244 AD2d 523, 524 [1997]).

The defendants' remaining contentions are without merit. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.