■ PETRA CRE CDO 2007-1, LTD., Respondent, v 160 JAMAICA OWNERS, LLC, et al., Appellants, et al., Defendants. [904 NYS2d 699]—

In an action to foreclose a mortgage, the defendants 160 Jamaica Owners, LLC, Richard Cohen, Kenneth Olson, and Poko Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), entered August 7, 2009, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and dismissing their counterclaim, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage, the unpaid note, and the appellants' default in payment (*see Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812 [1993]). In opposition, the appellants raised various affirmative defenses, including, inter alia, breach of contract and breach of the covenant of good faith and fair dealing, and asserted a counterclaim for damages. However, in the loan documents, the appellants validly waived all defenses, counterclaims, and setoffs (*see Bank of Suffolk County v Kite*, 49 NY2d 827, 828 [1980]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *PGA Mktg. v Windsor Plumbing Supply*, 124 AD2d 576, 577 [1986]). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, and dismissing their counterclaim, and to appoint a referee to compute the amount due to the plaintiff. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.