SECOND DEPARTMENT, MAY, 2012

(May 1, 2012)

■ ACF HILLSIDE, LLC, Respondent, v GEORGE LAMBRAKIS, as Managing Member of Eagle Realty, LLC, Appellant. [942 NYS2d 900]—

In an action for specific performance of a contract, the defendant appeals from an order of the Supreme Court, Queens County (Agate, J.), entered September 17, 2010, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, ACF Hillside, LLC, acquired a "special member" interest in Eagle Realty, LLC (hereinafter Eagle), pursuant to Eagle's amended operating agreement (hereinafter the amended agreement). The amended agreement gave the plaintiff the authority to take control of Eagle under certain circumstances, including, inter alia, a default on either of two notes executed in connection with loans made by Archer Capital Fund, L.P. (hereinafter Archer), to Eagle. After Eagle's managing member, George Lambrakis (hereinafter the defendant), failed to cede control of Eagle upon the plaintiff's invocation of the default clause, the plaintiff commenced this action against him to compel specific performance of the amended agreement. The plaintiff moved for summary judgment on the complaint, and the Supreme Court granted the plaintiff's motion. The defendant appeals, and we affirm.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence as to its authority to take control of Eagle upon Eagle's default on the notes, by virtue of Eagle's failure to repay the loans, and its invocation of the default clause (*see Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). In opposition, the defendant failed to raise a triable issue of fact (*see Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]). The defendant's contention that the amended agreement was the product of fraud was supported only by conclusory allegations, and was, therefore, insufficient to raise a triable issue of fact (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559-560 [2009]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d at 884; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d at 577). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

The defendant's contentions relating to an order of preclusion

are not properly before this Court on this appeal (*see Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 369 [2010], *mod on other grounds* 18 NY3d 877 [2012]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 451-452 [2008]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32222(U).]**