■ ARCHER CAPITAL FUND, L.P., Respondent, v EAGLE REALTY, LLC, et al., Appellants, et al., Defendants. [942 NYS2d 902]—

In an action, inter alia, to foreclose two mortgages, the defendants Eagle Realty, LLC, Emmanuel Lambrakis, George Lambrakis, Gregory Lambrakis, and Alexander Lambrakis appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered February 18, 2011, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing their counterclaims, for the appointment of a referee to compute the amount due to the plaintiff, and for leave to seek a deficiency judgment against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Archer Capital Fund, L.P. (hereinafter Archer), commenced this action to foreclose two mortgages given it by the defendant Eagle Realty, LLC (hereinafter Eagle), and to enforce a guarantee given to it by the defendants Emmanuel Lambrakis, George Lambrakis, Alexander Lambrakis, and Gregory Lambrakis (hereinafter collectively the Lambrakis defendants). The Supreme Court granted Archer's motion, inter alia, for summary judgment on the complaint and dismissing the counterclaims asserted by Eagle and the Lambrakis defendants.

Archer established its prima facie entitlement to judgment as a matter of law by submitting the mortgages and the unpaid notes, along with evidence that Eagle defaulted, as well as the Lambrakis defendants' guarantee (*see Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873 [2009]; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676 [2007]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *Federal Deposit Ins. Corp. v 7 A.M. to 11 P.M. Delicatessen*, 251 AD2d 620 [1998]). In opposition, the appellants failed to raise a

triable issue of fact (*see JPMCC 2007-CIBC19 Bronx Apts., LLC v Fordham Fulton LLC*, 84 AD3d 613 [2011]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d at 884; *North Fork Bank v Computerized Quality Separation Corp.*, 62 AD3d 973, 974 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). As the Supreme Court correctly concluded, the appellants' claims of fraud against Archer were supported only by conclusory allegations, which were insufficient to defeat Archer's motion (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d at 577; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]). The appellants' specific allegations of fraud were not directed at Archer, but at the appellants' own transactional attorney.

Accordingly, the Supreme Court properly granted those branches of Archer's motion which were for summary judgment on the complaint and dismissing the appellants' counterclaims, for the appointment of a referee to compute the amount due to it, and for leave to seek a deficiency judgment against the appellants. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.