In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 11, 2009, which denied that branch of his motion which was for summary judgment on the complaint insofar as asserted against the defendant Fiduciary Holdings, LLC, and granted the cross motion of the defendant Fiduciary Holdings, LLC, for leave to amend its answer.
Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiff’s motion which was for summary judgment on the complaint insofar as asserted against the defendant Fiduciary Holdings, LLC, is granted, and the cross motion of the defendant Fiduciary Holdings, LLC, for leave to amend its answer is denied.
The plaintiff met his initial burden of establishing his prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and his affidavit evidencing the default of the defendant Fiduciary Holdings, LLC (hereinafter Fiduciary), in its payment obligations (see Solomon v Burden, 104 AD3d 839 [2013]; Wells Fargo Bank v Das Karla, 71 AD3d 1006 [2010]; JP Morgan Chase Bank, N.A. v Agnello, 62 AD3d 662, 663 [2009]). Contrary to the Supreme Court’s determination, Fiduciary failed to raise a triable issue of fact in opposition.
As an initial matter, pursuant to the rider to the mortgage agreement, Fiduciary validly “waive [d] the right to interpose any defense, setoff, counterclaim or crossclaim of any nature or description” (Bank of Suffolk County v Kite, 49 NY2d 827, 828 [1980]; see Inland Mtge. Capital Corp. v Realty Equities NM, LLC, 71 AD3d 1089, 1090 [2010]; Milliken & Co. v Stewart, 182 AD2d 385, 387 [1992]). Although an exception to such a waiver exists for defenses sounding in fraud {see North Fork Bank v *886 Computerized Quality Separation Corp., 62 AD3d 973, 974 [2009]; Federal Deposit Ins. Corp. v Marino Corp., 74 AD2d 620, 620-621 [1980]), Fiduciary’s unsubstantiated allegations are patently insufficient to raise any questions of fact with respect to fraud in the inducement (see Stangel v Zhi Dan Chen, 74 AD3d 1050, 1052 [2010]; J.L.B. Equities v Mind Over Money, 261 AD2d 510, 511 [1999]; Laing Logging v International Paper Co., 228 AD2d 843, 844-845 [1996]; Lanzi v Brooks, 54 AD2d 1057, 1058 [1976], affd 43 NY2d 778 [1977]; see also Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie, 54 AD3d 813, 815 [2008]; Van Dorn Realty Corp. v Sundec Intl. Corp., 190 AD2d 516 [1993]).
In addition, although Fiduciary contends that the parties orally modified the terms of the mortgage agreement, the mortgage agreement contains a “no oral modification” clause (see General Obligations Law § 15-301 [1]; Cohen Fashion Opt, Inc. v V & M Opt., Inc., 51 AD3d 619 [2008]), and Fiduciary offered no evidence that would justify disregarding this provision (see Rose v Spa Realty Assoc., 42 NY2d 338, 343-344 [1977]).
While Fiduciary suggests that summary judgment must be denied due to a dispute over the amount owed, “the existence of a dispute as to the exact amount owed ... to the plaintiff does not preclude the award of summary judgment to the plaintiff on the issue of foreclosure” (Shufelt v Bulfamante, 92 AD3d 936, 937 [2012]; see 1-5 Bergman on New York Foreclosures § 5.15). Moreover, Fiduciary’s contention that it may actually have paid the mortgage in full is not only raised for the first time on appeal, but also is entirely at odds with its prior representations.
The Supreme Court improvidently exercised its discretion in granting Fiduciary’s cross motion for leave to interpose an amended answer so as to assert various affirmative defenses and counterclaims. “Pursuant to CPLR 3025 (b), leave to amend a pleading should be freely given, provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit” (Rechler Equity B-l, LLC v AKR Corp., 98 AD3d 496, 498 [2012] [internal quotation marks omitted]; see Scotto v Georgoulis, 89 AD3d 717, 719 [2011]; Mortgage Elec. Registration Sys., Inc. v Reid, 85 AD3d 880, 881 [2011]). Here, the proposed amendments were either barred by the waiver provision in the rider to the mortgage agreement, or premised on allegations that do not support the proposed affirmative defenses and counterclaims.
Fiduciary’s remaining contentions are without merit. Mastro, J.R, Skelos, Balkin and Leventhal, JJ., concur.