■ OLYMPUS AMERICA, INC., Respondent, v BEVERLY HILLS SURGICAL INSTITUTE, Defendant, and MICHAEL HAYAVI, Appellant. [974 NYS2d 89]—

In an action, inter alia, to recover damages for breach of contract and breach of a personal guaranty, the defendant Michael Hayavi appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 13, 2012, which granted the plaintiff's motion, inter alia, for summary judgment on the issue of liability on the fourth cause of action, which alleged breach of the subject personal guaranty.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the defendant Michael Hayavi, the affidavit of the chief credit officer of the plaintiff's parent company adequately set forth the basis of the officer's knowledge (see IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd., 68 AD3d 576, 577 [2009]; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 433 [2004]), established the admissibility of the documents appended to the affidavit as business records (see CPLR 4518; Burrell v Barreiro, 83 AD3d 984, 985 [2011]; DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [2003]), and demonstrated the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability against Hayavi pursuant to the personal guaranty that he executed (see Inland Mtge. Capital Corp. v Realty Equities NM, LLC, 71 AD3d 1089, 1090 [2010]; Bank of Am., N.A. v Solow, 59 AD3d 304 [2009]; Provident Bank v Giannasca, 55 AD3d 812 [2008]).

Hayavi's proffered defense regarding the plaintiff's authority to transact business at the time it entered into the subject agreements was validly waived by the express terms of the personal guaranty (see Inland Mtge. Capital Corp. v Realty Equities NM, LLC, 71 AD3d at 1090; North Fork Bank v Computerized Quality Separation Corp., 62 AD3d 973, 974 [2009]; Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [2007]). In any event, the plaintiff's motion papers demonstrated, prima facie, that this defense was without merit, and Hayavi failed to raise a triable issue of fact in opposition thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.