In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated November 9, 2012, which granted the motion of the defendant Mousa Khalil pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court dated January 17, 2012, entered upon his default in answering the complaint.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion is denied.
“A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action” (Wells Fargo Bank v Malave, 107 AD3d 880, 880-881 [2013]; see CPLR 5015 [a] [1]). Such a motion “is addressed to the sound discretion of the court” (Needleman v Tornheim, 106 AD3d 707, 708 [2013]).
As the plaintiff correctly contends, the Supreme Court improvidently exercised its discretion by, in effect, vacating the default of the defendant Mousa Khalil. The record demonstrates that Khalil was validly served in the action, as he failed to come forward with any factually specific, detailed evidence to rebut the presumption of valid service created by the process server’s affidavit of service (see ACT Props., LLC v Garcia, 102 AD3d 712, 713 [2013]; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]; Bank of N.Y. v Espejo, 92 AD3d 707, 708 [2012]). Moreover, Khalil’s assertion that he did not serve an answer because he thought that the attorneys for his codefendants also were representing his interests is insufficient to constitute a reasonable excuse for the default. The evidence in the record establishes that any such belief on the part of Khalil was unreasonable under the circumstances of this case (see Roussodimou v Zafiriadis, 238 AD2d 568, 569 [1997]).
Moreover, in light of the language of the guaranty that he executed, Khalil failed to demonstrate a potentially meritorious defense (see Inland Mtge. Capital Corp. v Realty Equities NM, LLC, 71 AD3d 1089, 1090 [2010]; North Fork Bank v Computer *801 ized Quality Separation Corp., 62 AD3d 973 [2009]; Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [2007]).
Khalil’s remaining contentions are without merit. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.