■ KEYBANK NATIONAL ASSOCIATION, Respondent, v CHAPMAN STEAMER COLLECTIVE, LLC, et al., Appellants. [986 NYS2d 598]—

In an action, inter alia, to foreclose a mortgage, the defendants appeal from a judgment of foreclosure and sale of the Supreme Court, Orange County (Marx, J.), entered October 18, 2012, which, upon an order of the same court dated April 25, 2012, granting those branches of the plaintiff's motion which were for summary judgment on the first cause of action and dismissing their counterclaim, and denying their cross motion to compel certain disclosure, is in favor of the plaintiff and against them directing a foreclosure and sale of the subject property.

Ordered that the judgment is affirmed, with costs.

In October 2008, the defendant Mei Y. Wang, the sole member of the defendant Chapman Steamer Collective, LLC (hereinafter Chapman), executed and delivered to the plaintiff, KeyBank National Association (hereinafter KeyBank), a line of credit agreement, along with a note secured by a mortgage on certain real property owned by Chapman and a personal guaranty. In July 2010, KeyBank commenced this action, inter alia, to foreclose the mortgage. The defendants counterclaimed to recover damages, alleging, among other things, that KeyBank, as part of a series of predatory lending practices, induced the defendants into mortgaging the subject premises based on unfulfilled promises of access to further development funding. Thereafter, KeyBank moved, among other things, for summary judgment

on the first cause of action to foreclose the mortgage and dismissing the defendants' counterclaim, and the defendants cross-moved to compel certain disclosure. In an order dated April 25, 2012, the Supreme Court, inter alia, granted those branches of KeyBank's motion which were for summary judgment on the first cause of action and dismissing the counterclaim, and denied the defendants' cross motion. On October 18, 2012, upon the order, the Supreme Court entered a judgment of foreclosure and sale.

KeyBank demonstrated its prima facie entitlement to judgment as a matter of law on the first cause of action by submitting, inter alia, the mortgage, the unpaid note, and an affidavit evidencing Chapman's default (*see Independence Bank v Valentine*, 113 AD3d 62, 64 [2013]; *Mishal v Fiduciary Holdings, LLC*, 109 AD3d 885 [2013]). KeyBank further demonstrated its prima facie entitlement to judgment as a matter of law dismissing the counterclaim, which the defendants validly waived under the express terms of the mortgage and guaranty (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 794 [2012]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883 [2010]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). In opposition, the defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Additionally, the defendants failed to demonstrate how further discovery may reveal or lead to relevant evidence, or that facts essential to opposing KeyBank's motion were within the exclusive knowledge and control of KeyBank (*see Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Seidman v Industrial Recycling Props., Inc.*, 106 AD3d 983 [2013]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of KeyBank's motion which were for summary judgment on the first cause of action to foreclose the mortgage and dismissing the defendants' counterclaim, and denied the defendants' cross motion to compel certain disclosure. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.