403 E. 76th St. Corp. v City of New York (2018 NY Slip Op 00518)





403 E. 76th St. Corp. v City of New York


2018 NY Slip Op 00518


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


600144/06 5481 5480

[*1]403 East 76th Street Corp., Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Cyruli Shanks Hart & Zizmor, LLP, New York (James E. Schwartz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered March 13, 2017, which granted defendants' motion for partial summary judgment dismissing plaintiff's claims for reimbursement of financing costs, for compensation in connection with certain masonry and duct work, and for unjust enrichment, unanimously modified, on the law, to the extent of denying the motion as to the claims for payment for work performed in the kitchen and for reimbursement of financing costs, and otherwise affirmed, without costs. Order, same court and Justice, entered August 9, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
Plaintiff is the owner of 411 East 76th Street in Manhattan. In June 2002, plaintiff agreed to lease the building to defendant City of New York so that it could be used as a public high school. Pursuant to the lease, plaintiff agreed to perform certain alterations and improvements to convert the building into a school.
The motion court correctly dismissed plaintiff's claim for payment for "extra work" to replace drywall interior vault room walls with concrete block walls, since the drawings made part of the lease called for those walls to be constructed of concrete, and plaintiff failed to provide proof that the parties agreed, either orally or in writing, to modify this lease term (see Van Dorn Realty Corp. v Sundec Intl. Corp., 190 AD2d 516, 518 [1st Dept 1993]). Defendants' failure to respond to plaintiff's architect's letter regarding interior wall construction does not modify the agreed-upon term, since the lease requires that specifications prepared by plaintiff's architect be approved by defendants in writing.
Plaintiff's claims for payment for "additional work" in the kitchen and for reimbursement in connection with certain financing costs should not have been dismissed, as plaintiff met its burden to submit proof sufficient to raise a question of fact requiring a trial on those issues (Kershaw v Hospital for Special Surgery, 114 AD3d 75, 82 [1st Dept 2013]).
Plaintiff submitted an affidavit by its officer, saying that, at a meeting on October 30, 2002, the parties agreed that instead of installing a full "cooking kitchen," as called for in the lease, the school would have only an electric warming pantry, to be installed by plaintiff. This affidavit was supported by, inter alia, a schematic for the kitchen marked "meeting of 10/30/02 changes to Kitchen design," and signed by the five attendees, including a representative of defendants. In reply, defendants failed to submit an affidavit by anyone with knowledge of the relevant facts to dispute plaintiff's account of the changes indicated by the schematic or deny that defendants had agreed to them, even though one of the October meeting attendees who signed the schematic, Michael Cona, defendant New York City Department of Education's lease manager, [*2]had previously submitted an affidavit in support of defendants' moving papers.[FN1]
The lease provides at paragraph 6.19 that the tenant shall reimburse the landlord for costs incurred in obtaining financing to pay startup costs for the alterations or to pay contractors and subcontractors when the tenant's reimbursement for alteration costs are not received within 30 days. In opposition to defendants' motion, plaintiff produced an affidavit by its officer, saying that a credit line was secured to pay alteration start up costs and contractor and subcontractor payments that plaintiff would incur, and saying "unequivocally" that plaintiff paid all of the sums sought in connection with the financing, which totaled $121,591. In support of the affidavit, plaintiff submitted a copy of a mortgage that it had taken out on the subject premises, which provided for an $850,000 term loan and a $2,100,000 line of credit, recorded on November 7, 2002, an invoice from the title company, invoices from the attorneys who represented plaintiff and the bank at the mortgage closing, correspondence from plaintiff's mortgage attorneys listing disbursements of the mortgage proceeds, including attorneys' fees, title company fees, and an appraisal fee, and correspondence between the parties regarding the financing costs. There are discrepancies between some of the supporting documents as to the amount of some costs. Defendants also question whether any or all of the loan costs sought were attributable to reimbursable expenditures under the lease, and argue that plaintiff failed to submit sufficient documentation of the financing costs for which it sought reimbursement in 2003 and 2005. However, defendants are in a poor position to make the latter argument, since they admit that the lease does not set forth any particular type of documentation required as a condition precedent to reimbursement. Indeed, the record before us indicates that defendants did not respond in writing at all to plaintiff's requests for reimbursement in 2003, and responded to the 2005 request only by claiming they were "looking into" it. Although a principal attorney for the City's School Construction Authority submitted an affidavit dated October 7, 2016 in which he claims he sought additional documentation from plaintiff, his claim is not supported by any correspondence or other documentation, and gives no time frame for the alleged request. Furthermore, this claim is contradicted by the affidavit by plaintiff's officer, who says that defendants never rejected or objected to the demands. On this record, plaintiff has raised a question of fact as to whether and in what amount it is entitled to reimbursement for financing costs consistent with the terms of the lease.
Finally, as Supreme Court stated, because the dispute here falls squarely within the scope of the parties' lease, the unjust enrichment claim cannot stand (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK



Footnotes

Footnote 1:Mr. Cona's affidavit does not discuss the October 30, 2002 meeting at all.