Car-Rol Funding Corp. v Castronovo (2019 NY Slip Op 00090)





Car-Rol Funding Corp. v Castronovo


2019 NY Slip Op 00090


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07250
 (Index No. 5210/10)

[*1]Car-Rol Funding Corp., et al., appellants,
v
John Castronovo, respondent, et al., defendants.


Menicucci Villa Cilmi, PLLC, Staten Island, NY (Jeremy Panzella of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 4, 2016. The order denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant John Castronovo.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant John Castronovo is granted.
In 2006, John Castronovo (hereinafter the defendant) executed a promissory note in the sum of $475,000 in favor of the plaintiffs, Car-rol Funding Corp. and James Gordon. The note was secured by a mortgage encumbering real property located in Brooklyn. The defendant defaulted on a payment and, prior to commencement of any foreclosure action, the defendant entered into a loan modification agreement with the plaintiffs on March 23, 2009. The defendant thereafter allegedly defaulted on that agreement by failing to make the monthly installment payments due July 1, 2009, and thereafter.
On February 8, 2010, the plaintiffs commenced this action against the defendant and others to foreclose the mortgage. The defendant served an answer in which he alleged, inter alia, that there were "predatory lending problems" with his mortgage. Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion. In an order dated January 4, 2016, the Supreme Court denied the plaintiffs' motion, stating only that "issues of fact exist."
The plaintiffs established their prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, the loan modification agreement, and evidence of the defendant's default (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Plaza Equities, LLC v Lamberti, 118 AD3d 688). In opposition, the defendant failed to raise a triable issue of fact. In the loan modification agreement, the defendant waived his right to assert defenses with respect to the note (see Inland Mtge. Capital Corp. v Realty Equities NM, LLC, 71 AD3d 1089, 1090).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court