Lopez v Mattone Group Raceway, LLC (2022 NY Slip Op 01779)





Lopez v Mattone Group Raceway, LLC


2022 NY Slip Op 01779


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2020-01263
 (Index No. 600937/16)

[*1]Jose Lopez, respondent, 
v
Mattone Group Raceway, LLC, et al., appellants, et al., defendants (and a third-party action).


London Fischer, LLP, New York, NY (Anthony F. Tagliagambe of counsel), for appellants.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Mattone Group Raceway, LLC, JMM Raceway, LLC, and Gart Roosevelt Associates, LLC, appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated December 18, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Mattone Group Raceway, LLC, JMM Raceway, LLC, and Gart Roosevelt Associates, LLC, for summary judgment dismissing the complaint insofar as asserted against them is granted.
On February 13, 2013, the plaintiff allegedly sustained personal injuries at his place of employment. The plaintiff entered a walk-in freezer and ascended a three-step A-frame ladder. As he was coming down, dents in the metal floor of the walk-in freezer allegedly caused the ladder to shift, causing him to fall. The plaintiff subsequently commenced this personal injury action against, among others, the landlord defendants, Mattone Group Raceway, LLC, JMM Raceway, LLC, and Gart Roosevelt Associates, LLC (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied the motion. The defendants appeal.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104). Here, the defendants established, prima facie, that they were out-of-possession landlords which were not bound by contract or course of conduct to repair the allegedly dangerous condition. The plaintiff did not allege that dents in the floor of the walk-in freezer violated any statutes, and therefore the defendants were not obligated to disprove that they had a duty imposed by statute to repair the complained-of condition as part of their prima facie [*2]burden (see Poole v MCPJF, Inc., 127 AD3d 949, 949; see also Sanchez v Barnes & Noble, Inc., 59 AD3d 698, 699). Contrary to the plaintiff's contention, the defendants adequately authenticated that the lease agreement submitted in support of their motion was in effect at the time of the accident (see Olympus Am., Inc. v Beverly Hills Surgical Inst., 110 AD3d 1048; Burrell v Barreiro, 83 AD3d 984, 985; DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146). In opposition, the plaintiff failed to raise a triable issue of fact and did not demonstrate that the motion was premature (see CPLR 3212[f]).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court