Gibbs v New Ram Realty, LLC (2026 NY Slip Op 00349)

Gibbs v New Ram Realty, LLC

2026 NY Slip Op 00349

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-12404
 (Index No. 709355/19)

[*1]Cecil Gibbs, respondent, 
vNew Ram Realty, LLC, et al., appellants, et al., defendant.

McCarthy & Associates, Melville, NY (Marianne Arcieri and Patrick J. Morale of counsel), for appellants.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New Ram Realty, LLC, and KCM Realty Company, L.P., appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated December 6, 2023. The order, insofar as appealed from, denied those branches of the motion of the defendants New Ram Realty, LLC, KCM Realty Company, L.P., and Harshad Patel which were for summary judgment dismissing the complaint insofar as asserted against the defendants New Ram Realty, LLC, and KCM Realty Company, L.P.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants New Ram Realty, LLC, KCM Realty Company, L.P., and Harshad Patel which were for summary judgment dismissing the complaint insofar as asserted against the defendants New Ram Realty, LLC, and KCM Realty Company, L.P., are granted.
The plaintiff allegedly was injured when he slipped and fell on a puddle of water in a bathroom of a hotel room he had been living in for approximately one year. He alleged that the water came from a leak that originated in another hotel room. The premises was owned by the defendant KCM Realty Company, L.P. (hereinafter KCM Realty), and leased by the defendant New Ram Realty, LLC (hereinafter New Ram). In May 2019, the plaintiff commenced this action against KCM Realty and New Ram, among others, to recover damages for personal injuries allegedly sustained as a result of the fall. In June 2023, KCM Realty, New Ram, and the defendant Harshad Patel (hereinafter collectively the moving defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 6, 2023, the Supreme Court, among other things, denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against KCM Realty and New Ram. KCM Realty and New Ram appeal.
"'An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Lopez v Mattone Group Raceway, LLC, 203 AD3d 909, 909 [internal quotation marks omitted], quoting Fox v Patriot Saloon, 166 AD3d 950, 951; see [*2]Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007). "[A] landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski v County of Monroe, 18 NY3d 374, 379; see Grullon v 57-115 Assoc., L.P., 229 AD3d 608, 609). Here, the moving defendants established, prima facie, that KCM Realty was an out-of-possession landlord that was not bound by contract or a course of conduct to repair the allegedly dangerous condition (see Sandoval v GWKMAR Assoc., LLC, 227 AD3d 923, 924; Lopez v Mattone Group Raceway, LLC, 203 AD3d at 909). In opposition, the plaintiff failed to raise a triable issue of fact.
"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence" (Daniel v York Terrace, Inc., 232 AD3d 579, 579; see Ames v Kimso Apts., Inc., 230 AD3d 543, 544). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837; see Meade v New York City Hous. Auth., 189 AD3d 1390, 1391).
Here, the moving defendants established, prima facie, that New Ram did not create or have constructive notice of the alleged dangerous condition (see Brannon v New York City Hous. Auth., 221 AD3d 772, 773; Toma v Rizkalla, 138 AD3d 1103, 1104). In support of the motion, the moving defendants submitted, inter alia, the plaintiff's deposition transcript indicating that the plaintiff did not see any water on the bathroom floor prior to his fall. The plaintiff testified that he showered in the bathroom at approximately 6:00 p.m., after which there was no water on the bathroom floor. Thereafter, he went to sleep and awoke at approximately 1:00 a.m. to use the bathroom, where he fell and then first noticed the leak. The plaintiff also testified that he never noticed or reported any leaks or water on the bathroom floor prior to this incident and that he never before complained about water on the bathroom floor or leaks (see Toma v Rizkalla, 138 AD3d at 1104).
The moving defendants also submitted a transcript of the deposition testimony of New Ram's former general manager, who testified that there had never before been reports of a water leak from one room to another, nor had there been reports of any other slip and falls in the bathrooms of the hotel. She further stated that any such report would have been recorded in a log, and no such report existed. Additionally, another hotel worker averred in an affidavit that he was not aware of any incidents in the hotel where water leaked from one room to another. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's submission of statements made by an unidentified employee of the City of New York constituted hearsay, which was insufficient to raise a triable issue of fact (see Koziar v Grand Palace Rest., 125 AD3d 607, 608; Wachovsky v City of New York, 122 AD3d 724, 725-726; Rallo v Man-Dell Food Stores, Inc., 117 AD3d 705, 706).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against KCM Realty and New Ram.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court